Bernard Ryan, P. J.
Because of the extremes in values voiced by opposing expert witnesses these comments are' expressed in explanation of our decision filed herewith and the award therein made.
‘The claimant is executor of the estate of Arthur L. Hoover, who died seized of 39.73 acres of land, 20 acres situate in the Town of West Seneca and 19 acres situate in the City of Lackawanna, Erie County. In Lackawanna the tract had a frontage of 432 feet on Abbott. Road in a location near the southerly limits of the city. There is agreement between opposing witnesses that the value of this frontage to a depth of 150 feet has not been affected by the appropriation by the State of New York of certain parcels from the tract.
For purposes of the Thruway the State took Parcel 1017 consisting of 9.277 acres, Parcel 1018 consisting of 3.080 acres, both of these in fee, and Parcel 1019 consisting of .057 acre and Parcel 1046 consisting of .114 acre as permanent easements. Together the parcels appropriated add up to 12.528 acres. The survey map, Exhibit 10, discloses that the appropriation transected the tract of land leaving 11.954 acres on the westerly side of the Thruway and 11.19 acres on the easterly side of a newly constructed access road adjacent to the Thruway. Parcel 1018 was utilized for this access road. Parcel 1017 was utilized for the Thruway proper. For a distance of more than 700 feet the east line of Parcel 1017 and the west line of Parcel 1018 coincide. However, a plot of 2.234 acres lying between part of the easterly line of Parcel 1017 and part of the westerly line of Parcel 1018 was left in the ownership of Mr. Hoover.
*84 On the theory that the entire tract, prior to its dissection by the State of New York, was available for subdivision development and that a subdivider could have procured from the City of Lackawanna the right to connect with sewer and water lines from the Abbott Road frontage, claimant seeks an award herein at a valuation of $4,000 an acre for the acreage acquired and a consequential damage by reduction in values from $4,000 an acre to $3,000 an acre for 11.954 acres lying to the west' of the Thruway, to $250 for the 2.234 acres now isolated by the boundaries of Parcels 1017 and 1018, and to $500 an acre for the 11.19 acres lying to the east of Parcel 1018. On this basis we are asked to make to total award of $109,000.
On the other hand, the expert called to testify by the Attorney-General opined that the whole tract, excepting the aforesaid Abbott Road frontage to a depth of 150 feet, was, prior to the appropriation, worth only $900 an acre. He further gave it as his opinion that after the appropriation there are 25.5 acres remaining of the same value and that the award must be limited to $11,250 with no consequential damages. On the latter point it was his opinion that the construction of the newly located Fisher Road has given to the 11.19 acres lying to the east thereof the benefit of new highway frontage to the extent of 1,531 feet and that the 11.954 acres lying to the west of the Thruway is still accessible from the Abbott Road frontage beyond the 150-foot depth already mentioned. This witness did not find that the 2.234 acres has been damaged but that a new frontage of 414 feet on the westerly side of the new Fisher Road makes the parcel available for development. However, other testimony, which was confirmed by a visit to the site, disclosed that the natural terrain for at least half of the 2.234 acres is of such a low elevation that it has now been rendered worthless for any development purpose. That much of the parcel is indeed a pocket surrounded by the high Thruway on one side and the high Fisher Road on the other.
Sales of properties said to be comparable to that of the claimant’s testator, which was vacant land, were discussed by both witnesses. The claimant’s witness relied upon two sales to the City School District of the City of Lackawanna in 1955 which analyzed at $5,000 an acre, a sale to Loblaw’s, Incorporated, also in 1955, which breaks down to $3,950 an acre, and a sale by auction in 1956 from the City of Lackawanna to one Beres which indicates an acreage price of $4,850. He also considered a 1957 sale which analyzed at $3,730 an acre. When cross-examined this witness did not admit that a certain sale *85 of 30 acres at $830 an acre or another at $300 an acre were sales of comparable property. With respect to the sale of 30 acres at $830 an acre he gave his opinion that the seller was not informed.
The court was not enlightened as to the details of the background of the purchases by the School District. There may well have been compelling extraneous considerations, such, for instance, as a direction from the State Department of Education, which limited the School District in its choice of a site. Such considerations may have affected the purchase price of those acquisitions.
We recognize that subdivision development has been advancing in the Town of West Seneca. The Hoover holding is next door to an extensive subdivision currently under development by Sperr Land Developers, Inc. A small portion of that subdivision, 1.050 acres, was acquired by the State for the diversion and relocation of the then existing Fisher Road at a point about one-half a mile north of the south line of the Hoover property. This road has now been extended over Parcel 1018. The acquisition from Sperr Land Developers, Inc., was the subject of Claim No. 34880 in this court and we take judicial notice of our finding in that case to the effect that 100 acres of vacant land were acquired by that corporation in 1954 and 1955 for the total amount of $34,000. We recognize that the development of that subdivision and other trends in the vicinity warrant a finding that vacant, unimproved land in the area has increased in value from 1954 to 1957 and 1958, the dates of appropriation in this claim, and we are influenced in making our award herein accordingly. We find as follows :
Map No. 1032, Parcel No. 1032 (Nominal value) Find-
ing 20 ........................................ $ 1.00
12.528 acres acquired at $1,200 an acre............. 15,033.60
11.954 acres reduced from $1,200 an acre to $800 an acre in value by reason of the effects of the construction of the Thruway (claimant’s witness referred to these as the “ adverse effects on the amenities. People do not want to live near the toll station because of the noise of commercial traffic
and the glare of neon lights.”).................. 4,781.60
2.234 acres at $1,200 an acre reduced in value to 1 acre at $800 ....................................... 1,880.80
Total.......... $21,697.00
*86 With respect to the 11.19 acres lying to the east of the new Fisher Road we find no consequential damage. We regard this remaining acreage as available for development for subdivision from the new highway. The witness called by the claimant testified that the area is 15 feet below the elevation of the road. However, an engineer called in rebuttal testified to readings from construction contract drawings indicating that at the southerly line of the parcel the difference in elevation is 3 feet and that it gradually increases to a difference of 6 feet at a point 300 feet to the north. We regard this extent of frontage as adequate to provide entrance and access to any subdivision that might ever be built upon the 11.19 acres. We therefore make no award for consequential damages for this item.
Formal decision is made directing entry of judgment in the total amount of $21,697 together with appropriate interest.